# United States Court of Federal Claims

No. 21-1339
Filed: June 2, 2021

| | |
|---|---|
| STANLEY HOWARD, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

**ORDER DISMISSING CASE**

On May 6, 2021, plaintiff Stanley Howard, proceeding *pro se*, filed a complaint with this Court, alleging, *inter alia*, that government actors committed "economic discrimination" through non-payment of a "promissory note." *See generally* Complaint at 1, ECF No. 1. That same day, plaintiff filed an *in forma pauperis* application. *See generally* Application to Proceed *In Forma Pauperis*, ECF No. 2.

This Court's authority to hear cases is primarily set forth by the Tucker Act, which grants the Court of Federal Claims subject-matter jurisdiction over claims brought against the United States that are grounded on a money-mandating source of law and do not sound in tort. 28 U.S.C. § 1491(a)(1). Rule 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC") states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

On May 11, 2021, this Court issued an Order to Show Cause as to why this Court has jurisdiction over plaintiff's claim. Order to Show Cause, ECF No. 6. On May 27, 2021, plaintiff responded, stating that this Court has jurisdiction based on "a Money-Mandating source of law" — citing to "(t)he emergency in banking act [sic]," "HJR 192 [sic]," and "18 USC 8 [sic]." Response to Order to Show Cause at 1, ECF No. 7. However, even under a broad reading of plaintiff's Response, none of these sources "can fairly be interpreted as mandating compensation for damages sustained as a result of the breach of the duties [it] impose[s]." *U.S. v. Mitchell*, 463 U.S. 206, 217 (1983). Accordingly, upon *sua sponte* review, this Court finds that plaintiff's allegations do not give rise to any cause of action for which this Court has subject-matter jurisdiction. As such, this Court has no authority to decide plaintiff's case and therefore must dismiss the Complaint pursuant to RCFC 12(h)(3).

For the reasons set forth above, plaintiff's Complaint is **DISMISSED**, *sua sponte*, pursuant to RCFC 12(h)(3). Additionally, plaintiff's Application to proceed *in forma pauperis* is hereby **GRANTED**. The Clerk of Court is hereby directed to take the necessary steps to dismiss this matter.

**IT IS SO ORDERED.**

*Loren A. Smith*

Loren A. Smith
Senior Judge